**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**CRISTIANO ALVES SARMENTO**,

*Petitioner*,

v.

**WARDEN,** *et. al*,

*Respondents*.

No. 26-cv-00574

**ORDER**

**THIS MATTER** comes before the Court by way of a Petition for Writ of Habeas Corpus, (ECF No. 1), and the Court's prior January 20, 2026 Order. (ECF No. 3); and

**WHEREAS,** Petitioner is a native and citizen of Portugal who entered the United States on January 22, 2015, pursuant to the U.S. Visa Waiver Program ("VWP") on a WT (Waiver–Tourist) visa, and has continuously resided in the United States for more than ten years. On July 15, 2025, Petitioner married a United States citizen, and on July 19, 2025, his spouse filed a Form I-130 Petition for Alien Relative on his behalf, which remains pending. (ECF No. 1 at ¶¶ 9, 13, 15). Petitioner was taken into immigration custody by Immigration and Customs Enforcement on January 13, 2026, following a motor vehicle stop in Kearny, New Jersey, and has remained detained at the Delaney Hall Detention Facility without a bond hearing since that date. (*Id.* at ¶ 10); and

**WHEREAS,** on January 20, 2026, this Court ordered Respondents to file an expedited answer by January 22, 2026, at 1:00 p.m., identifying, among other things, the specific statutory or other legal authority for Petitioner's detention; the procedural due process afforded prior to detention; whether a final order of removal exists; any alleged changed circumstances justifying

detention; whether Petitioner has received a bond hearing; and the current status of all related immigration proceedings; and

**WHEREAS,** Respondents filed an answer and letter response on January 22, 2026, which they acknowledge is incomplete and does not fully respond to the Court's Order.[1] (ECF No. 5 at 2). Respondents nevertheless assert that Petitioner is lawfully detained without bond under 8 U.S.C. § 1187(c)(2)(E) because he entered the United States on January 22, 2015 under the VWP, overstayed his authorized period of admission, and was issued administrative removal paperwork on January 13, 2026. (ECF No. 5 at 2–3); and

**WHEREAS,** however, Respondents also expressly acknowledge that the statutory arguments advanced in their response are the same as those raised in *Molina v. Soto*, No. 25-16880, 2025 WL 3281820 (D.N.J. Nov. 25, 2025), and that the Petition in this case involves materially similar statutory arguments and salient facts to *Molina* and other cases in this District in which the Court has rejected detention under § 1187, including *Gjergj G. v. Edwards*, No. 19-5059, 2019 WL 1254561 (D.N.J. Mar. 18, 2019), and *Emila N. v. Ahrendt*, No. 19-5060, 2019 WL 1123227 (D.N.J. Mar. 12, 2019). (ECF No. 5 at 1, 3); and

**WHEREAS**, it appears to the Court, at a minimum, that Petitioner is being unlawfully detained based on Respondents' invocation of 8 U.S.C. § 1187 because Petitioner was

[1] While the Court acknowledges the efforts of the United States Attorneys' Office to comply with this Court's Orders in this and other matters involving the sudden re-detention of non-citizens, the Court is alarmed by Respondents' persistent and unjustified failure, better characterized as willful refusal or ineptness, to comply with lawful orders of federal district courts. This is just one of many instances in which Respondents have done so. Such conduct reflects a blatant disregard for judicial authority, undermines the administration of justice, and raises substantial questions as to Respondents' commitment to the rule of law. If Respondents are not prepared to provide the Court with the most basic information necessary to permit meaningful judicial review of a non-citizen's re-detention, then they should reconsider whether their current detention practices can be lawfully sustained.

apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under 8 U.S.C. § 1226, which requires an opportunity to seek bond. *See Molina*, 2025 WL 3281820, at *3 (holding that § 1187 contains no independent arrest or detention authority for VWP overstays, and that detention instead arises under § 1226(a)); *Gjergj G.*, 2019 WL 1254561, at *1–3 (same); *Emila N.*, 2019 WL 1123227, at *1–3 (same); and

**WHEREAS**, therefore "Petitioner's arrest and detention were blatantly unlawful from the start, the only commensurate and appropriate equitable remedy to even partially restore [Petitioner] is to immediate release him and enjoin the Government from further similar transgressions," *see, e.g.*, *Martinez v. McAleenan*, 385 F. Supp. 3d 349, 366, 371–73 (S.D.N.Y. 2019) ("[T]he Supreme Court has repeatedly upheld prisoners' rights to challenge the constitutionality of their detentions, and allow[ed] courts to implement corrective remedies, regardless of whether there were other bases for the petitioners to be subsequently detained."); the Court declines to allow Respondents to transform an unlawful detention into a lawful one through alternative, retrospective, *post hoc* justification presented mid-litigation, as doing so would give the Government a free pass to violate a person's statutory and constitutional rights first and search for authority later, *see, e.g.*, *Lopez-Campos v. Raycraft*, No. 25-12486, 2025 WL 2496379, at *7 & n.4 (E.D. Mich. Aug. 29, 2025) (citing cases) ("The Court cannot credit this new position that was adopted *post-hoc*, despite clear indication that Lopez-Campos was not detained under this provision."); *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 486 (S.D.N.Y. 2025) (releasing petitioner and explaining that the court "cannot credit Respondents' new position as to the basis for . . . detention, which was adopted *post hoc* and raised for the first time in this litigation"); *Arias Gudino v. Lowe*, 785 F. Supp. 3d 27, 46 n.8 (M.D. Pa. 2025) (releasing petitioner and discussing the impropriety of allowing the government to proceed on "*post hoc* justifications for detention"); *cf. Marshall v. Lansing*, 839

F.2d 933, 943–44 (3d Cir. 1988) ("[W]hen reviewing an administrative agency's decision, a court is generally not seeking some hypothetical rational support for the agency's action. A court must review the agency's actual on-the-record reasoning process . . . not a *post hoc* rationalization, or agency counsel's in-court reasoning."); therefore

**IT IS,** on this 22nd day of January, 2026,

**ORDERED** that Petitioner's § 2241 Petition is **GRANTED**; Respondents shall **on this date IMMEDIATELY RELEASE** Petitioner under the same conditions that existed prior to his detention; and it is further

**ORDERED** that Respondents shall file a letter on the docket confirming the date and time of Petitioner's release; and it is further

**ORDERED** that Respondents are **PERMANENTLY ENJOINED** from rearresting or otherwise detaining Petitioner under § 1187, which this Court has found inapplicable to him; and it is further

**ORDERED** that any future detention or re-detention of Petitioner must comply with all statutory and constitutional requirements, including the identification of a lawful statutory basis for detention and the provision of adequate procedural and substantive due process; and it is further

**ORDERED** that, to the extent that Respondents seek to re-arrest or otherwise re-detain Petitioner under any statutory authority, including but not limited to §§ 1187 or 1226, this Court shall retain jurisdiction over the matter and Petitioner may move to reopen these proceedings before this Court without the need to file a new habeas petition; and it is further

**ORDERED** that the hearing previously scheduled for January 22, 2026, at 3:00 p.m. is **CANCELED**; and it is finally

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

**CHRISTINE P. O'HEARN**
**United States District Judge**